IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **REACHING HEARTS INTERNATIONAL, INC.,** | * * * * | |
| Plaintiff, | * * | |
| v. | * * | Case No.: RWT 05cv1688 |
| **PRINCE GEORGE'S COUNTY,** *et al.*, | * * * | Case No.: RWT 11cv1959 |
| Defendants. | * * * | |

## **MEMORANDUM OPINION**

On June 21, 2005, Reaching Hearts International, Inc. ("RHI") filed a Complaint for Declaratory Judgment, Injunctive Relief, and Compensatory Damages in this Court. Doc. No. 1.[1] RHI alleged that Prince George's County and the County Council for Prince George's County (collectively "the County") violated the Equal Protection clause of the Fourteenth Amendment of the United States Constitution and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") 42 U.S.C. §§ 2000cc *et seq.* by denying RHI's two water and sewer service category change applications and also by enacting an ordinance, CB-83-2003, which reduced the permitted lot coverage of any non-residential building within 2,500 feet of a drinking water reservoir, thereby preventing RHI from building a church on the land it had purchased. *Id.*

After denial of the County's Motion to Dismiss, the case proceeded through discovery in 2006. A seven-day jury trial began on April 15, 2008. On April 24, 2008, the jury returned a

---

[1] The document numbers in this Opinion refer to the documents listed in the 2005 case.

verdict in favor of RHI finding that the County's actions were motivated in part on the basis of religious discrimination. Doc. No. 97. The jury further concluded that the County's actions imposed a substantial burden on RHI's exercise of its religion. *Id.* A conditional award of damages of $3,714,822.36 was also made. *Id.*

On November 4, 2008, this Court issued an extensive Memorandum Opinion and Order denying the County's Renewed Motion for Judgment as a Matter of Law and entering judgment in favor of RHI and against the County on the jury's conditional verdict. Doc. Nos. 118, 119. The Court also declared CB-83-2003 unconstitutional as applied to RHI, enjoined the County from applying the provisions of CB-83-2003 to RHI's Prince George's County property, and ordered the County to "process any water and sewer category change application thereafter filed by the Plaintiff without reference to the provisions of CB-83-2003 and without delay or religious discrimination." Doc. No. 119.

On November 10, 2008, the County noted an appeal to the Court of Appeals for the Fourth Circuit. Doc. No. 120. The Fourth Circuit affirmed the judgment of this Court on March 3, 2010 and denied the County's subsequent motions for rehearing and rehearing *en banc*. Doc. Nos. 137, 143.

On July 18, 2011, RHI filed a Motion for Order of Contempt against the County. Doc. No. 165. In support of its motion, RHI stated that it had, on August 13, 2010, filed an application for a water and sewer service category change with the Prince George's County's Department of Environmental Resources. *Id.* As was the case with RHI's prior applications, the application was recommended for approval, but ultimately denied by the County Council on July 12, 2011, for what appears to be the same environmental concerns rejected by the jury that

heard this case, and again rejected by this Court in its November 4, 2008 Memorandum Opinion. *Id.* On July 22, 2011, this Court issued a Memorandum Opinion and Order directing the County to show cause why it should not be held in contempt and sanctioned for violating this Court's November 4, 2008 Order. Doc. Nos. 167, 168.

On September 13, 2011, the County Council reconsidered its earlier denial, and granted a portion of RHI's application, while denying the balance. This action was alleged to be a "compromise" that complied with earlier orders of this Court. On September 15, 2011, this Court directed supplemental briefing on the issue of whether the September 13 actions of the County Council conformed with earlier orders of this Court. Discovery is ongoing and a hearing is scheduled before this Court on October 20, 2011.

On August 9, 2011, over six years after the original Complaint was filed in this case, five years after discovery was completed, three years after the jury trial, and one year after the Fourth Circuit affirmed this Court's ruling, Michael F. Dugan, Kathleen O. Dugan, David Ridgway, and Mary Ridgway (collectively "proposed intervenors") filed a Motion to Intervene pursuant to Federal Rule of Civil Procedure 24. Doc. No. 175. Proposed intervenors, neighbors who border RHI's property on both the east and west sides, maintain that they satisfy the requirements for both mandatory and permissive intervention under Federal Rule of Civil Procedure 24. *Id.* As explained below, they do not satisfy either basis for intervention.

**A. Intervention of Right**

Federal Rule of Civil Procedure 24 allows for "Intervention of Right" and "Permissive Intervention." Rule 24(a)(2) of the Federal Rules of Civil Procedure allows intervention of right when:

> The applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by the existing parties.

FED. R. CIV. PRO. 24(a)(2). The Fourth Circuit interprets Rule 24(a)(2) to require that proposed intervenors demonstrate four factors in order to intervene as a matter of right: (1) their motion is timely; (2) they possess a "direct and substantial interest" in the subject matter of the litigation; (3) the denial of intervention would significantly impair or impede their ability to protect their interests; and (4) their interests are not adequately protected by the existing parties. *See Richman v. First Woman's Bank*, 104 F.3d 654, 658-59 (4th Cir. 1997). Here, proposed intervenors fail to satisfy the first and fourth factors.

### 1. Proposed Intervenors' Motion is Not Timely

"Both intervention of right and permissive intervention require timely application." *Gould v. Allegheny Beverage Corp.*, 883 F.2d 281, 286 (4th Cir. 1989) (quotation omitted). The Fourth Circuit "has stressed the importance of timeliness and the wide discretion afforded the district courts." *Id.* (citations omitted). The Supreme Court has held that "[t]imeliness is to be determined from all the circumstances. And it is to be determined by the court in the exercise of its sound discretion . . . ." *NAACP v. New York*, 413 U.S. 345, 366 (1973). "Although entry of final judgment is not an absolute bar to filing a motion . . . [t]here is considerable reluctance on the part of the courts to allow intervention after the action has gone to judgment and a strong showing will be required of the applicant." *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 840 (4th Cir. 1999) (citations omitted).

The Fourth Circuit has established certain criteria to determine the timeliness of a motion to intervene, which include: (1) "how far the suit has progressed," (2) "the prejudice which delay might cause other parties," and (3) "the reason for tardiness in moving to intervene." *Gould*, 883 F.2d at 286. Here, proposed intervenors fail all of the timeliness criteria. Additionally, proposed intervenors are attempting to intervene long after the action has gone to judgment and fail to demonstrate a strong showing for intervention at this late date.

First, the underlying litigation between RHI and the County Council has been ongoing for over six years. Discovery was completed five years ago on the merits of the case. Over three years ago a jury returned a verdict in favor of RHI finding that the County's actions were motivated in part on the basis of religious discrimination. The Fourth Circuit affirmed this Court's ruling over a year ago.

RHI filed a Motion for Order of Contempt against Prince George's County on July 18, 2011, seeking to enforce this Court's prior orders and has completed most supplemental discovery relating to the compliance issues before the Court. Doc. No. 165. Simply put, the proposed intervenors are over six years late. The existing parties have engaged in six years of extensive litigation. As in *Gould*, where the Fourth Circuit found that a motion to intervene was untimely two years after the filing of an initial complaint because of extensive litigation between the parties, here, "[t]he tardiness of the motion is the strongest reason supporting its denial." 883 F.2d at 286.

Second, granting the motion to intervene will cause RHI prejudice because of the status of this case. RHI filed a motion for contempt in order to enforce this Court's prior orders.

Discovery is nearly complete. Allowing intervention at this point in the litigation would unnecessarily complicate and prolong the proceedings.

Finally, the proposed intervenors have failed to provide an adequate reason for the tardiness of their motion. In their Memorandum in Support of Motion to Intervene, proposed intervenors recount that they have participated in hearings regarding RHI's water and sewer service category change applications before the Prince George's Planning Board of the Maryland-National Capital Park and Planning Commission from 2005 to 2007. Doc. No. 175-1 at 1. Proposed intervenors also appeared in the Court of Special Appeals of Maryland in support of the Planning Board's disapproval of RHI's application and acted as *amicus curiae* in the Fourth Circuit's review of the underlying action here. *Id.* at 1-2. If anything, these actions demonstrate that proposed intervenors were fully cognizant of the ongoing litigation in this Court, and inexplicably failed to intervene. Proposed intervenors fail to give any reason "for tardiness in moving to intervene," despite their obvious awareness of the litigation. *Gould*, 883 F.2d at 286.

Therefore, because the suit has been litigated for over six years, the potential prejudice that delay might cause, and the failure of proposed intervenors to explain the reason for their tardiness in moving to intervene, the Court finds the motion to intervene to be untimely.

### 2. Proposed Intervenors' Interests are Adequately Protected by the Existing Parties

While the "burden of showing an inadequacy of representation is minimal . . . . [w]hen the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must

demonstrate adversity of interest, collusion, or nonfeasance." *Commonwealth of Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976).

Additionally, there is an "assumption of adequacy when the government is acting on behalf of a constituency that it represents." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). "In the absence of a 'very compelling showing to the contrary,' it will be presumed that a state adequately represents its citizens when the applicant shares the same interest." *Id.* (quoting 7C Charles Alan Wright, Arthur R. Miller & Mary Kane, *Federal Practice and Procedure: Civil 2d* § 1909, at 332 (Supp. 2002); *see also Washington v. Keller*, 479 F. Supp. 569, 572 (D. Md. 1979) ("The very rare cases in which a member of the public is allowed to intervene in an action in which the United States, or some other governmental agency, represents the public interest are cases in which a very strong showing of inadequate representation has been made.") (citation omitted).

Here, although the burden of showing inadequacy of representation is minimal, proposed intervenors share the same ultimate concerns as the County, namely to satisfy this Court that the County's actions conform to the orders of this Court. Because they share the same ultimate goal, proposed intervenors are required to overcome the presumption that their interests are adequately represented, which requires a showing of "adversity of interest, collusion, or nonfeasance." *Westinghouse Elec. Corp.*, 542 F.2d at 216. Proposed intervenors have completely failed to make such a showing.

Additionally, because the County is acting on behalf of its constituents, there is a presumption that the proposed intervenors' interests are adequately represented. *See Arakaki*, 324 F.3d at 1086; *Washington*, 479 F. Supp. at 572. Here, proposed intervenors have failed to

demonstrate that the County does not adequately represent their interests. Instead, the extensive litigation in this case indicates the exact opposite.[2]

Therefore, because the motion to intervene is untimely and proposed intervenors' interests are adequately represented, intervention of right is not appropriate.

### B. Permissive Intervention

Federal Rule of Civil Procedure 24(b) governs when permissive intervention is proper. "On a timely motion, the court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. PRO. 24(b)(1)(B). The decision to grant or deny a motion to intervene pursuant to Rule 24(b) "lies with the sound discretion of the trial court" although "some standards have been developed to guide the courts in making intervention determinations." *Hill v. W. Elec. Co. Inc.*, 672 F.2d 381, 386 (4th Cir. 1982). A court, in exercising its discretion, "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. PRO. 24(b)(3). The Fourth Circuit has indicated an important factor to consider for permissive intervention is whether the original parties will be prejudiced. *See W. Elec. Co. Inc.*, 672 F.2d at 386.

As discussed above, the proposed intervenors' motion is woefully late and granting the motion will prejudice RHI. Additionally, proposed intervenors fail to demonstrate that they have

---

[2] Proposed intervenors' reliance on *Trbovich v. United Mine Workers*, 404 U.S. 528 (1972) for the proposition that a movant can demonstrate inadequate representation with the mere possibility that a proposed intervenor's interests differ from a party's is misplaced. Although the Supreme Court announced a minimal standard in *Trbovich*, courts have found that presumptions arise for movants to overcome to demonstrate that there interests are not adequately represented. Here, proposed intervenors have failed to overcome the presumption of adequate representation that exists when a movant seeks to intervene on the side of a party that seeks that same result, s*ee Westinghouse Elec. Corp.*, 542 F.2d at 216, and proposed intervenors have failed to overcome the assumption of adequate representation that arises when a governmental entity is acting on behalf of its constituents. *See Arakaki*, 324 F.3d at 1086; *Washington*, 479 F. Supp. at 572. Thus, proposed intervenors' interests are adequately represented.

a claim or defense that shares with the main action a common question of law or fact. The time for assertion of claims or defenses in this case is long past. The main action now consists of an effort to enforce existing orders of this Court. Both the proposed intervenors and the County claim that the County is in compliance with those orders. Therefore, because the motion to intervene is not timely and will prejudice RHI, permissive intervention is inappropriate.

For the foregoing reasons, the Court will deny proposed intervenors' Motion to Intervene, Doc. No. 175, but will grant leave for proposed intervenors to submit a memorandum as *amicus curiae*.[3] A separate order follows.


Date:  September 23, 2011                             /s/
                                        DEBORAH K. CHASANOW FOR
                                        ROGER W. TITUS
                                        UNITED STATES DISTRICT JUDGE

---

[3] On September 22, 2011, RHI filed a Motion for Protective Order seeking to prevent proposed intervenors from participating in depositions by questioning witnesses. Doc. No. 194. Because the proposed intervenors have been denied intervention, the Motion for Protective Order will be denied as moot.